IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:19-CR-176 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| REUBEN RANKIN, | ) | GOVERNMENT'S OMNIBUS |
| | ) | MOTION IN LIMINE |
| Defendant. | ) | |

Now comes the United States of America, by and through counsel, Bridget M. Brennan, United States Attorney, and Carol Skutnik, Edward Feran, and Vanessa V. Healy, Assistant United States Attorneys, and hereby submits the following omnibus motion *in limine*.

## I. Introduction

Defendant Reuben Rankin is charged with 1) Assault on a Federal Officer, in violation of 18 U.S.C. §§ 111(a) and (b); 2) Using and Discharging a Firearm During the Commission of a Crime of Violence, in violation of 18 U.S.C. § 924(c); 3) Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g); 4) Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1591(a); and 5) Production of Child Pornography, in violation of 18 U.S.C. § 2251(a). The charges are based on the following summary of facts.

Rankin, a 34-year-old man, met Victim #1, a 15-year-old girl, in May 2019. Victim #1 was a runaway, who had been homeless and living on the streets for approximately three months. She had no money, no assets, and no family support. Rankin brought Victim #1 to live with him at his home, which he shared with his mother and other family members. They made her feel like part of their family, referring to her as "lil bit" and treating her like a little sister. Victim #1 stayed with Rankin until September 28, 2019, during which time Rankin sold her for sex.

At first, Rankin used Victim #1 to help him sell drugs. He tasked her with security to make sure that he was not robbed. Specifically, he made her hold his gun, drugs, and money, and assist with weighing the drugs. As the trust between them grew, Rankin began having Victim #1 deliver the drugs to customers.

Then, Rankin began selling Victim #1's body for money that he used primarily to purchase more drugs to sell. He took photographs of her, including images exposing her genitalia, and used them to advertise her for sex on the commercial sex website "Megapersonals." He set up commercial sex acts for her with buyers, drove her to the sex buyers or arranged for her transportation, and collected all the money that the sex buyers gave her. He used the money to buy necessities and to purchase more drugs to sell, heavily relying on her commercial sex income to provide the money they needed. Rankin also engaged in a sexual relationship with Victim #1.

Victim #1 was not the only female that Reuben sold or attempted to sell for commercial sex. He lured other women to the house with the sale of drugs, then convinced them to engage in commercial sex acts for him. He also photographed and advertised for sex another minor on Megapersonals along with Victim #1.

On September 28, 2019, Victim #1 got into a car accident while she was delivering drugs for Rankin. She attempted to run back to Rankin's house, at his direction, but police officers found her close to the scene and took her into custody.

On October 30, 2019, Homeland Security Investigations agents executed a search warrant at Rankin's residence on Dove, in Cleveland, Ohio, as part of their investigation into the sex trafficking of Victim #1. As three HSI tactical agents attempted to get into position around the perimeter of the house, Rankin fired six shots at the agents, in rapid succession, from his

2

Mercedes SUV parked in the driveway. A Special Agent who was helping execute the search warrant fired one shot in return that struck the Mercedes SUV. Officers arrested Rankin on scene.

**II.	Legal Standard for Motions *in Limine***

"Although not explicitly authorized by the Federal Rules of Evidence or the Federal Rules of Criminal Procedure, the practice of ruling on motions *in limine* 'has developed pursuant to the district court's inherent authority to manage the course of trials.'" *United States v. Mohammad*, 2012 U.S. Dist. LEXIS 64572, *16 (N.D. Ohio, May 8, 2012), *quoting Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

Courts should exclude evidence on a motion *in limine* when it is clearly inadmissible. *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Ultimately, the determination whether to grant or deny such a motion is within the sound discretion of the trial court." *Mohammad*, 2012 U.S. Dist. LEXIS 64572, *16-17; *Goldman v. Healthcare Mgmt. Sys.*, 559 F. Supp. 2d 853, 858 (W.D. Mich. 2008). In addition to seeking the exclusion of the evidence set forth below, the government also requests that the defense be prohibited from referring to these matters during *voir dire*, opening statement, closing argument, and the examination of witnesses.

**III.	Argument**

    **a.	Federal Rule of Evidence 412 bars the admission of evidence regarding the victim's alleged other sexual behavior or alleged sexual predisposition.**

Rule 412 of the Federal Rules of Evidence states that in cases involving allegations of sexual misconduct, "[e]vidence offered to prove that any alleged victim engaged in other sexual behavior" and "[e]vidence offered to prove any alleged victim's predisposition" is inadmissible. *See* Fed. R. Evid. 412(a). "Sexual behavior" encompasses all "activities that involve actual

physical conduct, i.e., sexual intercourse and sexual contact" or that imply sexual intercourse or sexual contact, such as the use of contraceptives, birth of an illegitimate child, or diagnosis of venereal disease. *See* Fed. R. Evid. 412, Advisory Committee Notes, Subdivision (a) (1994). The reference to "sexual predisposition" is "designed to exclude evidence that . . . the proponent believes may have a sexual connotation for the fact finder," such as "the alleged victim's mode of dress, speech, or lifestyle." *Id.*

> According to the advisory committee notes accompanying this section:
>
>> The rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact-finding process. By affording victim's protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders.

*See* Fed. R. Evid. 412, Advisory Committee Notes (1994). Federal Rule of Evidence 412 attempts to accomplish these objectives by "barring evidence relating to the alleged victim's sexual behavior or alleged sexual predisposition, whether offered as substantive evidence or for impeachment, except in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim." *Id.*

Courts have consistently upheld the exclusion of evidence regarding a victim's past sexual history and alleged sexual predisposition. *See United States v. Mack*, 808 F.3d 1074, 1084 (6th Cir. 2015) (affirming district court's decision to exclude evidence of victims' prior history of prostitution); *see also United States v. Ogden*, 685 F.3d 600, 604-05 (6th Cir. 2012) (evidence of the victim's online conversations, which included sending explicit images of herself to the other men, inadmissible); *United States v. Jackson*, 2014 WL 1660062, at *4-5 (W.D. Mich. April 25, 2014) (denying defendant's motion to introduce evidence that minors previously

4

engaged in prostitution); *United States v. Maksimenko*, No. 05-80187, 2007 WL 522708, at *1 (E.D. Mich. Feb. 14, 2007) (precluding the introduction of evidence relating to the victim's past sexual behavior or predisposition with anyone other than the defendant); *Gowens v. Tidwell*, 2013 WL 2285446, at *1 (E.D. Mich. May 23, 2013) (evidence of victim's involvement in three temporary Muslim marriages where she exchanged money for sex acts excluded under Rule 412). *Evans v. Bd. of Educ. Sw. City Sch. Dist.*, 2012 WL 4481421, at *2 (S.D. Ohio Sept. 27, 2012) ("Whether the victims had engaged in other sexual behavior with other partners simply has no relevance to whether they consented to or welcomed the advances in the particular instances at issue in this case."). Evidence that a victim is sexually active with another person is neither relevant nor probative; rather, admitting such evidence serves only to embarrass the victim and tarnish her reputation. *See Gagne v. Booker*, 680 F.3d 493, 518 (6th Cir. 2012); *United States v. Cardinal*, 782 F.2d 34, 36 (6th Cir. 1986).

There are only three exceptions to this rule in which evidence regarding a victim's past sexual behavior may be relevant and could therefore be deemed admissible:

(a) Evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;

(b) Evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and

(c) Evidence whose exclusion would violate the defendant's constitutional rights.

Fed. R. Evid. 412(b).

In the present case, none of these exceptions apply. First, the government does not intend to introduce DNA evidence of Rankin's semen. *See United States v. Richards,* 118 F.3d 622,

623 (8th Cir. 1997) (defendant could not rely on this exception when the government did not introduce any evidence regarding the presence of semen in the victim). The government may introduce evidence of the presence of semen collected from Victim #1 as evidence of her engagement in commercial sex acts, but the government does not intend to introduce any evidence or argue that the semen belonged to Rankin.

Similarly, the second exception does not apply, because consent is not a valid defense to the criminal conduct charged in the indictment. *See United States v. Wilcox*, 150 F. App'x 458, 461 (6th Cir. 2005) (stating that "a minor can't give legal consent to sexual intercourse"); *United States v. Wise*, 278 F. App'x 552, 559 (6th Cir. 2008) (consent of the minor victim is not a valid defense in a Title 18 § 2423(b) prosecution); *United States v. Brooks*, 610 F.3d 1186, 1199 (9th Cir. 2010) (a minor victim's willingness to engage in sexual activity is irrelevant to a sex trafficking charge); *United States v. Bennett*, 258 F. Appx. 671, 682-83 (5th Cir. 2007) (consent of the victim is not a valid defense and is therefore inadmissible when defendant charged with Mann Act violations); *United States v. Abad*, 350 F.3d 793, 798 (8th Cir. 2003) (consent is not a defense when sexual assaults are committed upon children). Furthermore, the consent exception does not apply to the admission of specific instances of a victim's sexual behavior with respect to persons other than the accused. *See Mack*, 808 F.3d at 1084 (evidence of minor victim's prior history of prostitution is not relevant to show consent and does not fall within the scope of the Rule 412 consent exception).

Finally, the exclusion of evidence of the victim's prior sexual history or sexual predisposition does not violate the constitutional rights of the defendant. *See Jackson*, 2014 WL 1660062, at *4-5 (holding that the exclusion of evidence that minor victims engaged in prostitution for other pimps was not a violation of defendant's constitutional rights because the

6

evidence did not address any elements of the offense with which defendant was charged and it would not be the proper subject of cross-examination). According to the legislative history of the Rule, this exception "is intended to cover those infrequent circumstances where, because of an unusual chain of circumstances, the general rule of inadmissibility, if followed, would result in denying the defendant a constitutional right." 124 Cong. Rec. H11944 (daily ed. Oct. 10, 1978) (statement of Rep. Pease). The constitutional right to introduce evidence in one's defense is not unlimited and must bow to other legitimate interests. *See Michigan v. Lucas*, 500 U.S. 145, 149 (1991) (courts retain wide discretion to "limit reasonably a criminal defendant's right to cross examine a witness 'based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'"); *United States v. Kappell*, 418 F.3d 550, 555 (6th Cir. 2005) (defendant's right to an effective cross-examination does not confer a right to cross-examination in "whatever way, and to whatever extent, the defense might wish.") (*citing Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)(per curium)). The right of an accused sex offender to present their defense must be weighed against the victim's interests. *See State v. Zeringue*, 862 So.2d 186, 195 (5th Cir. 2003). Whether the victim in this case has a sexual history – or even a sexual predisposition – is simply not a defense to the crime with which Rankin is charged. Barring the defense from questioning the minor victim in this case about her sexual history would not violate the defendant's constitutional rights.

This includes any evidence related to the Cuyahoga County Court of Common Pleas criminal case, *Ohio v. Raeshaun Johnson*, No. CR-21-657583-A. The defendant in that case, Raeshaun Johnson, has not been charged in this case and that investigation is irrelevant to Rankin's trafficking of Victim #1. Even if relevant, such evidence is inadmissible under Rule

403, because the probative value is substantially outweighed by the danger of unfair prejudice. There is no probative value in requiring Victim #1 to testify about a criminal matter that is not connected to Rankin's trafficking of her when she was a minor. Such evidence would also confuse the jury by introducing a different state court investigation and criminal case that involves facts, witnesses, and crimes completely unrelated to the crimes Rankin is charged with here.

Rule 412 also prohibits any evidence of Victim #1's consensual sexual relationships with males other than Rankin or commercial sex customers during the period charged in the indictment. Specifically, the government produced text messages between Victim #1 and males in which they appear to have a romantic relationship and discuss consensual sexual acts. Rule 412 prohibits this evidence and any other evidence regarding Victim #1's relationships with those men. Indeed, none of those men are charged criminally and they are completely irrelevant to Rankin's trafficking of Victim #1 with the knowledge that she was a minor.

Even if relevant, the victim's prior sexual history and predisposition is inadmissible under Rule 403 because the probative value is substantially outweighed by the prejudice and confusion it creates for the jury. Federal Rule of Evidence 403 states that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Id.* As the above-cited cases make clear, evidence relating to a victim's sexual behavior and activities, or predispositions, has no probative value. However, such evidence is unfairly prejudicial to the government and has the grave potential for confusing the issues and misleading the jury.

Therefore, it should be excluded pursuant to Federal Rule of Evidence 403. *See* Fed. R. Evid. 403.

Furthermore, such evidence serves no impeachment purpose. The government intends to introduce testimony on direct examination regarding Rankin's harboring, maintaining, advertising, and providing Victim #1 for commercial sex, knowing or in reckless disregard of the fact that she was a minor. Any inquiry into the details of Victim #1's alleged past sexual behavior or alleged sexual predisposition would only serve as an unwarranted intrusion into her private life and be designed to embarrass and traumatize her, create unfair prejudice, and confuse and mislead the jury. Therefore, any such evidence should be excluded pursuant to Federal Rule of Evidence 403.

If the Court is inclined to admit any such evidence pursuant to one of these exceptions, "the court must conduct a hearing in camera and afford the victim and parties a right to attend and be heard." *See* Fed. R. Evid. 412(c)(2). In addition, any such "motion, related papers, and the record of the hearing must be sealed and remain under seal unless the court orders otherwise." *Id.* Moreover, the defendant must provide written notice, in the form of a motion, of his intent to use such evidence at least 14 days prior to trial, unless the court, for good cause, sets a different time. *See* Fed. R. Evid. 412(c)(1).

In the present case, any evidence that bears directly on the victim's prior sexual behavior and activities, including any evidence relating to an alleged sexual predisposition, should be prohibited. Federal Rule of Evidence 412 clearly states that this type of evidence is inadmissible, and the government requests this Court to instruct Rankin and his counsel, prior to commencement of the trial, that he may not introduce, argue, or refer to such evidence.

> **b. Evidence of Rankin's drug trafficking and trafficking of another juvenile and other women during the commission of the charged offense is admissible because it is "inextricably intertwined" with the underlying offense.**

The government intends to introduce evidence of Rankin's drug trafficking and trafficking of another juvenile and other women during the commission of the charged offense. The purpose of introducing this evidence is to explain the relationship between Rankin and Victim #1 and provide context for Rankin's trafficking of Victim #1, including the fact that he was trafficking another juvenile and other women at the same time.

The government does not believe this evidence qualifies under Rule 404(b) which provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such "evidence may be admissible for another purpose," however, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Trial courts employ a three-part test to determine the admissibility of 404(b)(2) evidence. *See United States v. Mack*, 729 F.3d 594, 601 (6th Cir. 2013). First, a court determines whether there is sufficient evidence that the crime, wrong, or other act took place. *See id.* Second, it decides whether evidence of that conduct is offered for a proper purpose, *i.e.*, "whether the evidence is probative of a material issue other than character." *Id*. Third, the court considers whether any risk of unfair prejudice substantially outweighs the evidence's probative value. *Id*

In the instant case, the government alleges that the introduction of Rankin's drug trafficking and trafficking of other women, including a juvenile is inextricably intertwined with his trafficking of Victim #1. *See United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) ("Background or *res gestae* evidence consists of those other acts that are inextricably intertwined

with the charged offense."). Intrinsic acts "are part of a single criminal episode," *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995), meaning they "ha[ve] a causal, temporal or spatial connection with the charged offense," *Hardy*, 228 F.3d at 748. Courts may admit evidence via this route if it (1) "is a prelude to the charged offense"; (2) "is directly probative of the charged offense"; (3) "arises from the same events as the charged offense"; (4) "forms an integral part of a witness's testimony"; or (5) "completes the story of the charged offense." *Id.* Intrinsic acts may be admitted when evidence "provides background information, establishes a nexus between individuals, or completes the story of the charged offense." *United States v. Gibbs*, 797 F.3d 416, 424 (6th Cir. 2015). This evidence does not, however, implicate Fed. R. Evid. 404(b) when evidence of prior acts is "part of a continuing pattern of illegal activity" or is "inextricably intertwined" with the indicted crime. *Barnes*, 49 F.3d at 1149.

Rankin's drug trafficking activity is integral to explaining the relationship between Rankin and Victim #1, how he came to traffic her, and his purpose for trafficking her. At first, Rankin used Victim #1 to help him sell drugs. As the trust between them grew, Rankin began having Victim #1 deliver the drugs to customers. Then, he began selling Victim #1 for sex to get money to purchase more drugs to sell. His drug trafficking activity is therefore inextricably intertwined with his trafficking of Victim #1. It occurred simultaneously with and was in fact part of Rankin's sex trafficking of Victim #1, as a prelude to and arising from the same events as the sex trafficking and forms an integral part of Victim #1's testimony, completing her story. *See United States v. Till*, 434 F.3d 880, 884 (6th Cir. 2006).

Similarly, Rankin's sex trafficking of other individuals while he was trafficking Victim #1 is intrinsic to the charge against him. First, the government anticipates that Victim #1 will testify that Rankin photographed her and another juvenile, advertised her online using those

11

photographs, and attempted to sell them both for sex. As with Rankin's drug trafficking, this activity occurred simultaneously with Rankin's sex trafficking of Victim #1 and forms an integral part of Victim #1's testimony, completing her story. Indeed, some of the online commercial sex advertisements that Rankin posted contained both Victim #1 and the other juvenile.

Second, the government anticipates that Victim #1 will also testify that while she was living with Rankin, he lured other women to perform commercial sex acts for him with the promise of drugs and/or money. Victim #1 will also likely testify, and text messages will show, that Rankin required her to help him supervise some of the other women that he sold for sex. Rankin discussed these other women with Victim #1 in the context of needing to make money to purchase more drugs to sell, which, as explained above, is the same reason that he sold Victim #1 for sex. His sex trafficking of other women during the period alleged in the indictment is therefore inextricably intertwined with his trafficking of Victim #1. It occurred simultaneously with Rankin's sex trafficking of Victim #1 and forms an integral part of Victim #1's testimony, completing her story. *See Till*, 434 F.3d at 884.

    **c. Portions of video interview with Victim #1 are admissible to prove knowledge of age.**

To find Rankin guilty of Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1591(a), the government must prove that Rankin knew or recklessly disregarded the fact that Victim #1 was under 18 years of age. The phrase "reckless disregard of the fact" means deliberate indifference to facts that, if considered and weighed in a reasonable manner, indicate the highest probability that the victim was under the age of eighteen. The government may also satisfy this element by proving that the defendant had a reasonable opportunity to observe the victim.

12

To help prove this element, the government intends to admit a short snippet of Victim #1's forensic interview that took place on October 9, 2019, for the limited purpose of depicting Victim #1 as she appeared and acted two years ago when these offenses took place. The government does not intend to introduce any portion of the video interview that discusses the facts of the case.

These portions of the video recording are out-of-court statements, but they do not constitute inadmissible hearsay, because they will not be offered for the truth of the matter asserted. Rather, the government will offer the limited recording to demonstrate to the trier of fact how Victim #1 acted and appeared two years ago when Rankin had the opportunity to view her. This evidence goes to Rankin's knowledge of Victim #1's age, an element of the offense and a contested issue in Count 4.

Specifically, these video recordings are "relevant because the trier of fact can see [Victim #1] at the age of the conduct in question and not years later[.]" *United States v. Hayek*, No. 2:18CR160, 2021 WL 3161469, at *4 (E.D. Tenn. July 26, 2021). More importantly, these recordings show Victim #1 at the age of the conduct in question in way that cannot be expressed in a photograph, by conveying both her voice and demeanor. *See id.* ("From the video, the jury can determine her credibility from her demeanor, body language, movements, all of which would be lost in the strictly audio version."). Regardless of the truth of Victim #1's statements contained in the recordings, the recordings demonstrate that Rankin had a reasonable opportunity to view Victim #1, who was clearly under 18 years of age. The recordings are therefore relevant

to Rankin's reckless disregard of Victim #1's age and will be offered to prove the same. They do not constitute inadmissible hearsay.[1]

Moreover, the recordings are admissible under Federal Rule of Evidence 403. Their probative value—proof of the primary element at issue in this case—significantly outweighs any unfair prejudice to the defendant. Fed. R. Evid. 403. "The government cannot produce any evidence that would be more probative than a contemporaneous interview from the alleged victim." *Id.* at *3. Indeed, while the evidence may be prejudicial to defendant because it implicates him, it is not so egregious in nature to be *unfairly* prejudicial. Accordingly, the Court should find the recordings admissible.

### C. Text messages between Rankin and his ex-wife are admissible to prove knowledge of age.

To find Rankin guilty of Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1591(a), the government must prove that Rankin knew or recklessly disregarded the fact that Victim #1 was under 18 years of age. To help prove this element, the government intends to admit text messages from Rankin's cellular phone between him and his ex-wife. The text messages include a conversation in which Rankin's estranged wife texts him a photograph of Victim #1's missing person's flier and chastises him for dealing with a minor.

These text messages are out-of-court statements, but they do not constitute inadmissible hearsay, because they will not be offered for the truth of the matter asserted. Rather, the government will offer the wife's text messages and accompanying attachments to prove Rankin's

---

[1] In *Hayek*, where the government sought to introduce the video recording of a minor victim for the truth of the matter asserted, the court found the recording relevant and admissible under the residual hearsay exception. *Id.* at *2-4.

knowledge of Victim #1's age, an element of the offense and the primary contested issue in this case.

Specifically, on September 21, 2019, Rankin's wife texted Rankin a photograph of Victim #1's missing person's flier, which included her age, along with photographs from Victim #1's Megapersonals advertisement. The wife accused Rankin of prostituting Victim #1 and threatens to contact the police. Regardless of the truth of the statements contained in the text messages, the missing person's flier and surrounding conversation put Rankin on notice of the fact Victim #1 was under 18 years of age. The text messages are therefore relevant to Rankin's reckless disregard of Victim #1's age and will be offered to prove the same. They therefore do not constitute inadmissible hearsay.

Moreover, the text message are admissible under Federal Rule of Evidence 403. Their probative value—proof of the primary element at issue in this case—significantly outweighs any unfair prejudice to the defendant. Fed. R. Evid. 403. Indeed, while the evidence may be prejudicial to defendant because it implicates him, it is not so egregious in nature to be *unfairly* prejudicial. Accordingly, the Court should find the text messages admissible.

## IV. Conclusion

For the foregoing reasons, the Court should grant the Government's Omnibus Motion *in Limine*.

                                         Respectfully submitted,

                                         BRIDGET M. BRENNAN
                                         United States Attorney

By:     /s/ Carol M. Skutnik
          Carol M. Skutnik (OH: 0059704)
          Edward F. Feran (OH: 0039083)
          Vanessa V. Healy (OH: 0092212)
          Assistant United States Attorneys
          United States Court House
          801 West Superior Avenue, Suite 400
          Cleveland, Ohio 44113-1852
          (216) 622-3785/3709/3652
          (216) 522-8355 (facsimile)
          E-mail: Carol.Skutnik@usdoj.gov
          E-mail: Edward.Feran@usdoj.gov
          Email: Vanessa.Healy@usdoj.gov